United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Karl Lorenzo Jones, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-20910-Civ-Scola |
| | ) | |
| Carmartfl.com, Defendant. | ) | |

### Order

    This matter is before the Court upon Defendant Carmartfl.com's ("Carmart") motion to compel arbitration (**ECF No. 28**), which the Court **defers ruling** on for the reasons below.

### 1. Background

    Pro se Plaintiff Karl Lorenzo Jones sues Carmart for, among others, wrongfully repossessing a car he allegedly purchased from it. (*See* Am. Compl., ECF No. 16; ECF No. 36 at ¶ 5.) Carmart asks the Court to send this dispute to arbitration and has provided the Court with a copy of an executed arbitration agreement (ECF No. 30-1) signed by both parties. It says clearly: "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle . . . shall, at your or our election, be resolved by neutral, binding arbitration and not a court action." (*Id.* at 6.)

    However, Carmart seems to admit that it assigned its rights under the contract to a third party, CrediFlash LLC ("CrediFlash"). Because of that assignment, the Plaintiff says Carmart has no right to invoke arbitration.

### 2. Legal Standard

    The Federal Arbitration Act creates a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Courts must compel arbitration if (1) the "plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles" and (2) the "claims before the court fall within the scope of that agreement." *See Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (quoting 9 U.S.C. §§ 2–4).

### 3. Discussion

The Court begins with the latter consideration and then addresses the state law analysis.

To begin, the Plaintiff says this dispute falls outside the scope of the agreement. (ECF No. 31 at ¶ 2.) However, this presents a question of arbitrability, which the arbitration agreement expressly reserves to the jurisdiction of arbitration. (ECF No. 30-1 at 6.) Indeed, the very question of whether this dispute is subject to arbitration *is*, itself, a question *within* the scope of the arbitration agreement and that must be resolved by arbitration. (*Id.* (subjecting to arbitration "the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute."))

Next, to evaluate whether this dispute is subject to arbitration under Florida law, the Court "must determine (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Hayslip v. U.S. Home Corp.*, 276 So. 3d 109, 113 (Fla. 2d DCA 2019), *approved*, 336 So. 3d 207 (Fla. 2022).

The Court is satisfied that a valid arbitration agreement exists, and that issues that could be subject to arbitration are presented.

However, in respect of the third prong, the Plaintiff says that Carmart's assignment to CrediFlash effectively extinguished Carmart's right to invoke arbitration. (ECF No. 31 at ¶ 3.) As a threshold matter, the Court notes that this contention does not a pose a question of arbitrability that would, itself, be subject to arbitration. "Florida courts have generally echoed the proposition that the court, rather than the arbitrator, determines whether or not a party has waived arbitration." *City of Jacksonville, Jacksonville Sheriff's Office v. Cowen*, 973 So. 2d 503, 507 (Fla. 1st DCA 2007).

Although a seemingly simple argument, the Plaintiff's contention proves rather sophisticated in light of the agreement's language because the agreement establishes Carmart's *right* to invoke arbitration, not an obligation to do so. Consequently, the Court agrees that, upon assignment, the right would go to CrediFlash under Fla. Stat. § 672.210(5).

Carmart seems to admit its assignment to CrediFlash but says that "CrediFlash did not ultimately finance the vehicle and *returned the deal* (i.e. re-assigned) to Defendant[.]" (ECF No. 36 at ¶ 5 ((emphasis added).) Instead of substantiating CrediFlash's reassignment by way of affidavit or sworn declaration, counsel for Carmart provides the Court with two Spanish-language e-mails that the Court is unable to understand, which appear to be between

counsel himself a CrediFlash representative. This lackadaisical attempt leaves the Court with no proof that Carmart was ever reassigned its right to arbitrate.

Thus, the Plaintiff's argument is left practically uncontroverted. Carmart has failed to substantiate that it regained its right to arbitrate this matter. However, in the interest of judicial economy, the Court will allow Carmart an opportunity to provide the Court with materials establishing CrediFlash's reassignment to Carmart.

### 4. Conclusion

For these reasons, the Court **defers ruling** on the Defendant's motion (**ECF No. 28**) until the Court has had the opportunity to review any additional material that would establish CrediFlash's reassignment of its rights to Carmart.

Carmart is **ordered** to file on the docket and serve on the Plaintiff any such material no later than **October 7, 2022**. The Court will rule on the Defendant's motion promptly after that date.

The Clerk is **directed to mail a copy** of this order to the Plaintiff at the address on file.

**Done and ordered**, at Miami, Florida, on September 30, 2022.

Robert N. Scola, Jr.
United States District Judge