United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Karl Lorenzo Jones, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-20910-Civ-Scola |
| | ) |
| Carmartfl.com, Defendant. | ) |

### Order

This matter is before the Court upon Defendant Carmartfl.com's ("Carmart") supplemental notice (ECF No. 40) filed pursuant to the Court's Order deferring ruling on Carmart's motion to compel arbitration. (ECF No. 37.)

In its Order of September 30, 2022, the Court noted that it must compel arbitration if: (1) the "plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state- law' contract principles," and (2) the "claims before the court fall within the scope of that agreement." *See Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (quoting 9 U.S.C. §§ 2–4). The Court found that the dispute fell within the scope of the agreement but left its analysis of the state law portion partially pending. This Order finalizes the Court's analysis and refers this matter to arbitration.

To recall, Florida law requires the Court to determine: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Hayslip v. U.S. Home Corp.*, 276 So. 3d 109, 113 (Fla. 2d DCA 2019), *approved*, 336 So. 3d 207 (Fla. 2022). The Court went satisfied with the first two of these requirements in its prior Order but refrained from arriving at a conclusion on the third.

That is because Carmart seemed to admit that it assigned its rights under the contract to a third party, CrediFlash LLC ("CrediFlash"). And because of that assignment, the Court agreed with the Plaintiff that Carmart's right to invoke arbitration would have been assigned to CrediFlash. *See* Fla. Stat. § 672.210(5). However, Carmart represented that "CrediFlash did not ultimately finance the vehicle and *returned the deal* (i.e. re-assigned) to Defendant[.]" (ECF No. 36 at ¶ 5 ((emphasis added).) Instead of substantiating CrediFlash's reassignment back to Carmart by way of affidavit or sworn declaration, Carmart merely provided the Court with two Spanish-language   e-mails that the Court was unable to understand. As

such, the Court found the Plaintiff's argument to be left practically uncontroverted.

But in the interest of judicial economy, the Court allowed Carmart an opportunity to cure its defective submission with additional materials establishing CrediFlash's reassignment to Carmart. Since then, Carmart has provided the Court with a declaration sworn under penalty of perjury made by a CrediFlash employee. It avers that "CrediFlash LLC conditionally approved financing for Karl Jones with respect to a purchase of a 2017 Ford Expedition . . . However, due to numerous issues, such as Mr. Jones' cancellation of insurance, his failure to make any payments on the subject vehicle, and a prior repossession, the financing agreement was re-assigned to CarMartFL on or about August 8, 2021." (ECF No. 40-1.)

Carmart's assertion of its right to arbitrate under the agreement is evidence that it accepted CrediFlash's re-assignment. Accordingly, the Court is satisfied that Carmart has a right to compel arbitration and that the state law portion of the relevant analysis is fully satisfied.

Satisfied, then, that the Plaintiff entered into a written arbitration agreement that is enforceable under Florida law, and that the matters before the Court are subject to that agreement per the Court's Order of September 30, 2022, the Court hereby **refers** this matter to arbitration.

Carmart's motion is **granted**. (**ECF No. 28**.) The Court instructs the Clerk of Court to **close** this case.

**Done and ordered**, at Miami, Florida, on October 11, 2022.

_____
Robert N. Scola, Jr.
United States District Judge