United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Karl Lorenzo Jones, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-20910-Civ-Scola |
| | ) |
| Carmartfl.com, Defendant. | ) |

## Order

    This matter is before the Court upon the Plaintiff's "response" to the declaration submitted in support of the Defendant's motion to dismiss (ECF No. 42) and the Plaintiff's motion for reconsideration of the Court's order compelling arbitration (ECF No. 43). The Plaintiff did not reply to the Defendant's opposition of his motion for reconsideration. He instead filed a notice of appeal of the Court's order that is the subject of that motion. (*See* ECF No. 45.)

    The background is as follows: On August 24, 2022, the Defendant moved to compel arbitration in this matter based on an agreement that it admitted it had assigned to a third party. (ECF No. 28.) Despite that, the Defendant argued that it had been reassigned the agreement and, that by virtue of the reassignment, it retained the right to compel arbitration. (ECF No. 36 at ¶ 5.) To substantiate the reassignment, the Defendant submitted to the Court untranslated documents in Spanish. So, the Court ordered the Defendant to substantiate the reassignment by other means, and deferred ruling on the Defendant's motion to compel arbitration. (ECF No. 37 at 3.)

    The Defendant then filed a declaration in support of its motion to compel arbitration signed by an employee of the assignee. It represents, under penalty of perjury, that the assignee did indeed reassign the agreement back to the Defendant. (*See* ECF No. 40-1.) Based on the declaration and the fact that the Defendant was seeking to enforce that very agreement, the Court concluded that the agreement had been successfully reassigned back to the Defendant. Having reviewed the arbitration agreement at issue, the Court further concluded that the Plaintiff's claims were due to be referred to arbitration. (ECF Nos. 37, 41.)

    In his motion for reconsideration (ECF No. 43), the Plaintiff complains that his due process rights were violated because the Court did not direct him to respond to the declaration. Nevertheless, the Plaintiff did submit a "response" to the declaration on his own motion. (ECF No. 42.) In that "response," the Plaintiff argues that the declaration is insufficient to support a finding of reassignment. (*Id.* at ¶ 3.) He asserts that the Court misapplied

the law in its Order compelling arbitration because a "valid contract reassigning the rights back to [the Defendant]," is required and the Defendant's declaration does not satisfy that requirement. (*Id.*) However, "Florida law does not require written assignments where the underlying contract is otherwise valid." *Zuma Seguros, CA v. World Jet of Delaware, Inc.*, 15-22626-CIV, 2017 WL 4237874, at *8 (S.D. Fla. Sept. 25, 2017) (Goodman, Mag. J.) (collecting cases).

In any event, because it presents argument as to the Court's ruling, the Court construes the Plaintiff's "response" (ECF No. 42) to be another motion for reconsideration.

To that end, Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Additionally, Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted).

     Neither the Plaintiff's motion for reconsideration nor his "response" to the Defendant's declaration presents new facts or law. Because both merely urge the Court to rethink its previous decision to compel arbitration, the Plaintiff's motions are **denied**. (**ECF Nos. 42, 43**.)

     The Clerk is instructed to mail a copy of this order to the Plaintiff at the address on file.

     **Done and ordered**, at Miami, Florida, on November 17, 2022.

_____
Robert N. Scola, Jr.
United States District Judge